FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY -5 PM 1:02

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HEIDI L. SCHEFFLER,<br>                   Plaintiff<br>versus<br><br>CREDIGY RECEIVABLES, INC.;<br>STEWART & ASSOCIATES, P.C.;<br>STEVE STEWART; BRETT M. SAMSKY;<br>and ABC INSURANCE COMPANY,<br><br>                   Defendants | CIVIL ACTION<br><br>NO. 06-2401<br><br>SECT. I  MAG. 1<br><br>MAGISTRATE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT – JURY TRIAL REQUESTED

NOW INTO COURT through undersigned counsel comes plaintiff, Heidi L. Scheffler, who asserts the following.

1.

This is an action for damages and a declaration that the debt collection practices described below violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o (the "FDCPA"), which prohibits debt collectors from engaging in deceptive, abusive, and unfair debt collection practices.

### Jurisdiction and Venue

2.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Venue is proper in the Eastern District of Louisiana, as it is the judicial district wherein a substantial part of the events relevant to the claims made herein

___ Fee $350.—
___ Process
_X_ Dktd
___ CtRmDep
___ Doc. No

1

occurred.

## Parties

3.

Plaintiff, Heidi L. Scheffler, is a resident of Marrero, Louisiana. Scheffler is a "consumer" as defined at 15 U.S.C. § 1692a(3).

4.

Defendant Credigy Receivables, Inc. is a Nevada corporation with its principal place of business located in Georgia.

5.

Credigy Receivables is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

6.

Defendant Stewart & Associates, P.C. is a Georgia corporation with its principal place of business located in Georgia.

7.

Stewart & Associates, P.C. is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

8.

Defendant Steve Stewart is a natural person believed to reside in Nevada. Stewart is the president of Credigy Receivables, Inc., and the chief executive officer of Stewart & Associates, P.C.

9.

Defendant Brett M. Samsky is a natural person believed to reside in Georgia. Samsky is the director of Credigy Receivables, Inc.

10.

ABC Insurance Company is the fictitious name of the provider of a policy of liability insurance issued in favor of one or more of the defendants, which policy covers the claims made herein. ABC Insurance Company is liable in solido with one or more of the defendants pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:655.

**Facts**

11.

Credigy Receivables is in the business of purchasing portfolios of old, charged-off debts for pennies on the dollar and attempting to collect on them. In 2002, Credigy bought a portfolio of charged-off Discover Card accounts which purportedly included plaintiff's account.

12.

On May 9, 2005, Credigy Receivables under the direction and control of defendant Stewart and Associates filed suit against plaintiff in *Credigy Receivables, Inc. v. Heidi L. Scheffler,* Case No. 620-143, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana (the "state court suit").

13.

On the signature page of the petition is the apparent signature of the attorney of record, Payeton Burkett, listing her Louisiana bar roll number, but with no address or telephone number listed for her. Off to the side of her signature line is printed "Of Counsel to Stewart & Associates," with Stewart & Associates' Suwanee, Georgia address and its Georgia telephone and fax numbers.

14.

In the petition, Credigy sought to enforce plaintiff's purported Discover Card account.

15.

The account sued upon in state court was prescribed by the three year limitations period applicable to suits on open accounts. The petition, however, does not acknowledge that it is a suit on an open account, but is artfully styled as a "Petition in Suit on Breach of Contract and/or Alternatively a Claim for Quantum Meruit," in an attempt to take advantage of the longer 10-year prescriptive period.

16.

After appearance of counsel for Heidi Scheffler, Credigy eventually admitted that it had filed suit on a prescribed debt. Scheffler's exception of prescription was sustained without opposition, and Credigy's demands were dismissed with prejudice.

17.

Credigy failed to conduct an investigation of the applicable prescriptive period governing plaintiff's account before filing suit.

18.

In the alternative, Credigy did investigate and knew or should have known that the account sued upon was prescribed, but filed suit anyway as a heavy-handed means of coercing payment on a stale debt.

19.

As a result of defendants' acts and omissions, plaintiff has suffered actual damages including but not limited to:

(a) A negative pubic records entry on her credit report, and resulting negative impact on her credit worthiness, as a result of filing the suit.

(b) Severe distress, worry, embarrassment, and humiliation.

(c) Other damages to be proven at trial.

20.

At all times relevant, defendant Steve Stewart was the primary managing officer of Stewart & Associates and Credigy Receivables. His duties included promulgating and implementing company policies, practices and procedures; assuring compliance with legal mandates and proscriptions; supervising employees and others within its control; and managing and overseeing the daily operations of the company which included procedures for filing suit on accounts acquired from others.

21.

At all times relevant, defendant Brett M. Samsky was a managing officer of Credigy Receivables at its Georgia office. Together with Stewart, his duties included promulgating and implementing company policies, practices and procedures; supervising employees and others within its control; assuring compliance with legal mandates and proscriptions; and managing and overseeing the daily operations of the company which included procedures for filing suit on accounts acquired from others.

22.

Stewart and Samsky have breached their personal duties to third parties including plaintiff by failing to discharge the responsibilities delegated to them with the degree of care required by ordinary prudence and diligence; and/or by pursing a policy of intentionally filing suit on prescribed claims. *Canter v. Koehring*, 283 So.2d 716 (La. 1973). As a result, plaintiff suffered the acts and damages described herein.

## **FDCPA Violations**

23.

The express purpose of the Fair Debt Collection Practices Act ("FDCPA") is to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. 15 U.S.C. § 1692(e).

24.

Credigy Receivables, P.C. and Stewart & Associates, P.C. have violated the FDCPA, 15 U.S.C. § 1692f, by filing suit against plaintiff on a prescribed debt.

25.

The defendants have acted in concert and are liable jointly, severally and in solido.

26.

Plaintiff demands a trial by jury.

**WHEREFORE**, plaintiff prays for a judgment in her favor and against the defendants, jointly, severally, and in solido, for actual and additional damages, reasonable attorney fees, costs and litigation expenses, interest, and for all other relief appropriate in the premises.

Respectfully submitted,

_____
STEVE R. CONLEY  LSBA #21246 (T.A.)
3350 Ridgelake Drive, Suite 200
Metairie, LA  70002
Telephone: 504-734-9804
Facsimile: 504-733-1744

_____
William G. Cherbonnier LSBA #4031
2550 Belle Chase Highway, Suite 215
Gretna, LA  70053
Telephone: 504-309-3304
Facsimile: 504-309-3306